983 F.2d 1072
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James E. HENKE and Energy Reduction Systems, Inc.,
Plaintiffs-Appellants,
v.
Gabriel ELIAS and Bella Angel, Defendants-Appellees.
 No. 91-3870.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 20, 1992.
Jan. 5, 1993.
 
 1
 Before KANNE and ILANA DIAMOND ROVNER, Circuit Judges, and WILL, Senior District Judge.*
 
 ORDER
 
 2
 In 1952, the United States Navy entered into a 75-year lease with Crane Village, Inc. ("CVI") for the lease of approximately 34 acres comprising the Crane Village North ("CVN") apartment complex. As required by the lease, the original lessee had constructed a 200-unit apartment complex to provide housing at favorable terms to military personnel. The annual rental fee of $100 afforded the lessee free fire/police protection and water/sewage rights and, because the underlying land was owned by the government, the lessee was not obligated to pay property taxes. However, the lease specified that it could not be transferred or assigned without the Navy's approval. Because CVI had forfeited its leasehold rights to CVN, the Federal Housing Commissioner in 1958 assigned the leasehold to Crane Gardens, Inc. ("CGI"), a Pennsylvania corporation whose president was defendant Gabriel Elias. In 1976, Elias, as president of CGI, deeded its interest in CVN to Elias' mother, Bella Angel. This transfer, however, was never approved by the Navy.
 
 
 3
 On November 1, 1984, plaintiffs James Henke and Energy Reduction Systems, Inc. ("ERS") and defendants Elias and Angel entered into a contract for the further assignment of this lease from the defendants to the plaintiffs. The agreement was embodied in four documents: an Earnest Money Receipt and Offer to Purchase, which was signed by Angel as seller and Henke as buyer; an Addendum to Purchase Agreement ("Addendum"), which was signed by Elias and Angel as sellers and Henke and ERS as buyers; an Installment Promissory Note, signed by Henke and ERS; and a Real Estate Mortgage, signed by Henke and ERS. The Earnest Money Receipt and Offer to Purchase stated the purchase price as $400,000.00. At closing, Henke and ERS paid $25,000.00 as a down payment on the leasehold and executed a Real Estate Mortgage in favor of Angel in the amount of $375,000.00 for the unpaid balance of the purchase price. The Navy's approval of the lease assignment was never obtained. Henke and ERS appear not to have made any further payments for the leasehold. Finally, on June 10, 1986, the United States quitclaimed its interest in CVN to ERS on payment of $975.00.
 
 
 4
 In 1986, the plaintiffs brought suit in the United States District Court for the Southern District of Indiana, seeking rescission of the contract. Count I of the plainitffs' complaint sought cancellation of the contract, the promissory note, and the mortgage, as well as judgment for restitution. A counterclaim filed by the defendants sought to collect on the promissory note and to foreclose on the mortgage. At the close of the plaintiffs' case in chief and after hearing evidence on the defendants' counterclaim, the court denied the plaintiffs' motion for partial summary judgment on Count I, granted the defendants' oral motion for involuntary dismissal, and dismissed the counterclaim (without prejudice) for lack of jurisdiction over the proper party, thus leaving the parties in status quo.
 
 
 5
 Plaintiffs now appeal from the district court's denial of their motion for partial summary judgment and from the involuntary dismissal of their complaint. They argue on appeal that their motion for partial summary judgment on Count I and on the defendants' counterclaim was improperly denied for the following reasons: first, the parties claiming to hold the leasehold interest--Angel and Elias--never actually owned the interest and thus could not bind CGI or any other entity that did own the interest; and second, a reasonable construction of the Addendum entitled plaintiffs to cancellation if the Navy's approval of the assignment could not be obtained because such approval actually constituted a condition precedent to the contract. To enforce the contract, according to the plaintiffs, would thus create a lack of mutuality of obligation.
 
 
 6
 For the reasons set forth in the district court opinion, the denial of the plaintiffs' motion for partial summary judgment, the dismissal of the defendants' counterclaim, and the grant of the defendants' oral motion for involuntary dismissal are affirmed.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable Hubert L. Will, Senior District Judge of the United States District Court for the Northern District of Illinois, is sitting by designation